UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK EARL TYSON, #306811,

    Petitioner,

    v.

Case Number 1:19-CV-13791
Honorable Thomas L. Ludington

ROBERT VASHAW,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Frank Earl Tyson ("Petitioner"), currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his Oakland County Circuit Court convictions for felon in possession of a firearm ("felon in possession") and possession of a firearm during the commission of a felony ("felony firearm"). In 2015, he was sentenced as a fourth habitual offender to 58 months to 40 years imprisonment with a consecutive sentence of 5 years imprisonment. In his pleadings, Petitioner raises claims concerning his due process rights, the validity of his sentence, and his right to a speedy trial and to an appeal. For the following reasons, the petition for a writ of habeas corpus will be dismissed without prejudice.

**I.**

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals. The court affirmed his convictions, but remanded for re-sentencing under the procedures set forth in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015) (citing *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005)); *People v. Tyson*, No. 325986, 2016 WL 3542384 (Mich. Ct. App. June 28, 2016) (unpublished). Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied in a standard order. *People v. Tyson*, 500 Mich. 934, 889 N.W.2d 253 (Jan. 31, 2017). The trial court conducted a sentencing hearing on remand and determined that it would have imposed the same sentence even if the sentencing guidelines had been advisory.

Petitioner then filed an appeal of right with the Michigan Court of Appeals challenging his sentence, including the proportionality of his sentence. The Michigan Court of Appeals affirmed the trial court's decision and declined to address the proportionality claim. *People v. Tyson*, No. 338299, 2018 WL 3039913 (Mich. Ct. App. June 19, 2018) (unpublished). Petitioner then filed another application for leave to appeal with the Michigan Supreme Court, which remanded the case to the Michigan Court of Appeals for consideration of the proportionality claim. *People v. Tyson*, 935 N.W.2d 322 (Nov. 26, 2019). The case remains pending before the Michigan Court Appeals on expedited review. *See* Dkt., Mich. Ct. App. No. 338299 (accessed on Jan. 9, 2020). Petitioner dated his federal habeas petition December 13, 2019.

## II.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

Petitioner's habeas action is premature.  The foregoing procedural history demonstrates that Petitioner's convictions and sentences are not yet final.  *See, e.g., Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for re-sentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence; citing *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.  The sentence is the judgment.")); *Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012) (discussing *Burton*).  Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts.

Moreover, it is inappropriate for a habeas petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time.  Petitioner must complete the state court process before seeking habeas relief in federal court.  *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).

Lastly, it is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust available state court remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner has not met this burden. He has not completed the direct appeal process nor has he demonstrated that he raised all of his current habeas claims before the state courts.

**III.**

Accordingly, it is **ORDERED** that Petitioner's petition for writ of corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability of appealability is **DENIED** because reasonable jurists could not debate the correctness of the Court's procedural ruling.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).


Dated: January 22, 2020                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Frank Earl Tyson** #306811, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880 by first class U.S. mail on January 22, 2020.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager